# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KARL VIEHE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 1:20-cv-01021 (UNA) |
| | ) |
| BOARD OF TRUSTEES OF THE | ) |
| UNIVERSITY OF THE DISTRICT | ) |
| OF COLUMBIA, *et al.*, | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP"). The court will grant the IFP application and dismiss the case for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (mandating dismissal of a complaint which fails to state a claim upon which relief can be granted).

Plaintiff, a resident of Arlington, Virginia, sues the District of Columbia, the Board of Trustees of the University of the District of Columbia ("UDC"), the Mayor of the District of Columbia, the Attorney General of the District of Columbia, and four employees or former employees of UDC. He does not indicate the capacity in which he intends to sue the individual defendants. He alleges that "UDC has continuously misrepresented that it has an accredited community college, and it has routinely under-awarded students credit hours in an effort to prolong students' enrollment and secure more funds from students and funders." He first brings a claim for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), *see* 18 U.S.C. § 1962(c), predicated on fraud pursuant to 18 U.S.C. §§ 1341, 1343. He secondarily alleges that,

due to his vocal concern regarding defendants' actions, he was terminated from his position as a UDC professor as retaliation, in violation of 18 U.S.C. § 1513(e). The complaint does not provide a request for relief, though the case information sheet indicates that he seeks $3 million in damages.

First, potential legal avenues for litigants seeking to bring claims for wrongful termination or retaliation, in fact, exist. The statute cited by plaintiff, however, is not one of those avenues. No private cause of exists under 18 U.S.C. § 1513. *Miller v. Marriott International LLC*, 378 F. Supp. 3d 1, 5 n.2 (D.D.C. 2019) (citing *Kissi v. U.S. Dep't of Justice*, 444 Fed. App'x 457 (D.C. Cir. 2011) (per curiam)). Therefore, such a claim is improper. Additionally, plaintiff may not hold himself out as a whistleblower. It is well established that *pro se* parties may not pursue *qui tam* actions. *See Walker v. Nationstar Mortg. LLC*, 142 F. Supp. 3d 63, 65 (D.D.C. 2015) (quoting *U.S. ex rel. Fisher v. Network Software Assocs.*, 377 F. Supp. 2d 195, 196–97 (D.D.C. 2005)).

Second, the District of Columbia cannot be held liable under RICO. *Miller*, 378 F. Supp. 3d at 7 n.3; *see also BEG Investments, LLC v. Alberti*, 85 F. Supp. 3d 13, 30 (D.D.C. 2015) (holding that a municipal corporation cannot, as a matter of law, form the necessary criminal intent for predicate offenses, and therefore, could not subject itself it RICO liability under 18 U.S.C. § 1964(c)). "The Board of Trustees of UDC is considered 'an arm of the D.C. government,' " and therefore, the District of Columbia " 'is the real party in interest in this litigation.' " *Howerton v. Ogletree*, 466 F. Supp. 2d 182, 184 (D.D.C. 2006) (quoting *Krieger v. Trane C*o., 765 F. Supp. 756, 761 (D.D.C. 1991)). The same concept applies equally to the named UDC employees and city officials, if plaintiff intended to sue them in their official capacity. *See BEG Investments*, 85 F. Supp. 3d at 27 (D.D.C. 2015) (dismissing RICO claims against District of Columbia employees sued in their official capacities because the claims were effectively waged against the municipality).

Even assuming that plaintiff intended to sue the employees and officials in their individual capacities, the claims against them are undeveloped. *See* Fed. R. Civ. P. 8(a). A plaintiff asserting a claim under RICO must allege the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Pyramid Secs. Ltd. v. IB Resolution, Inc.*, 924 F.2d 1114, 1117 (D.C. Cir. 1991)). Where the alleged predicate act that forms the basis for the RICO claim involves fraud, even *pro se* plaintiffs must plead with the particularity required by Fed. R. Civ. P. 9(b). *See United States ex rel. Yelverton v. Fed. Ins. Co.*, 831 F.3d 585, 509 (D.C. Cir. 2016); *see also Brink v. Cont'l Ins. Co.*, 787 F.3d 1120, 1127 (D.C. Cir. 2015) (explaining that a plaintiff must "plead predicate acts with particularity to satisfy Federal Rule of Civil Procedure 9(b)"). Rule 9(b) creates a heightened pleading standard and requires a complaint to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

Here, plaintiff must allege "the time, place and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud." *United States ex rel. Williams*, 389 F.3d 1251, 1256 (D.C. Cir. 2004) (internal quotation marks omitted) (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1278 (D.C. Cir. 1994)). Plaintiff merely alleges that, once alerted, defendants "failed to take any action" or to "correct the improprieties," but provides no information as to any actual fraudulent acts committed by the individual defendants.

Last, "[a] RICO plaintiff must allege injury to his or her business or property.*" Klayman v. Obama*, 125 F. Supp. 3d 67, 88 (D.D.C. 2015) (international quotation marks and citation omitted). Plaintiff alleges that, as a result of the RICO violations, defendants "extracted both private and public funds from individuals and entities who relied on [their] misrepresentations."

However, plaintiff does not state that he personally suffered damages as a direct result of defendant's alleged RICO violations, only from their purported violation of 18 U.S.C. § 1513(e).

Plaintiff has failed to state a claim upon which relief may be granted. The complaint is subject to dismissal without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). A separate order accompanies this memorandum opinion.

__/s/_____
AMY BERMAN JACKSON
United States District Judge

DATE: April 28, 2020